## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WALTER HILSTOCK** | § | |
| *AND ALL OTHER* | § | |
| *OCCUPANTS OF 2107 DANDELION* | § | |
| *DRIVE, DALLAS, TX 75217* | § | **CIVIL ACTION NO. 3:07-CV-0400-R** |
| **PLAINTIFF,** | § | |
| **v.** | § | |
| **CHASE HOME FINANCE LLC** | § | |
| **DEFENDANT** | § | |
| | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Defendant Chase Home Finance, LLC's  Motion for Summary Judgment (filed May 1, 2007) (Dkt. No. 5).  Plaintiff, Walter Hilstock, has failed to respond. After careful consideration of all parties' submissions and the law applicable to the issues before the Court, the Court **GRANTS** this Motion.

## I.  BACKGROUND

In  May, 1999, Walter Hilstock purchased a home, and executed a promissory note and a Deed of Trust to secure payment. The Note and Deed of Trust were subsequently assigned to Chase Home Finance (CHF). Sometime around May 2006, Hilstock defaulted on his mortgage loan. He contacted CHF concerning a loan modification agreement. CHF approved an agreement; however, Hilstock was unable to make the payments required in the agreement. Plaintiff then submitted a qualified written request to CHF seeking a loss mitigation review of his mortgage loan. Hilstock claims Chase failed to acknowledge the request and failed to review all retention options available to Plaintiff, and subsequently on October 3, 2006, a wrongful foreclosure ensued.

Plaintiffs have asserted claims to enjoin an eviction and to set aside a foreclosure sale premised on an alleged wrongful disclosure by CHF. Plaintiff claims CHF failed to follow federal statutes, federal regulations and state laws and failed to work with Plaintiff to cure any deficiencies prior to foreclosure as required by law. Specifically, Hilstock claims CHF (1) failed to acknowledge receipt of Plaintiffs request and failed to conduct a loss mitigation review before foreclosing in violation of 12 U.S.C. 2605 e(1)(A)(B)(i)(ii)(2); (2) failed to negotiate in good faith to allow Plaintiff time to cure the deficiency and comply with federal regulations pursuant to 12 U.S.C. 2605 (e)(2)(3) and 24 C.F.R. 3500.21(e); (3) failed to follow the loss mitigation programs in violation of 21 C.F.R. 203.355, the National Housing Act, 12 U.S.C. §1715V, and the Unfunded Mandates Reform Act, and; (4) wrongfully accelerated Plaintiff's Note and Deed of Trust in violation of the Texas Property Code Section 51, and Texas Debt Collection Act. Hilstock seeks damages and attorneys fees.

CHF claims that Plaintiff has failed to produce evidence of a wrongful foreclosure, and asserts counter-claims against Plaintiff for breach of contract and unjust enrichment. CHF claims it notified the borrowers of default, engaged in repeated attempts to help Hilstock cure the default, and offered several loss mitigation options. However, Plaintiff failed to respond and made no payments. Subsequently, CHF foreclosed upon the property and sold it at a public auction. Hilstock has since refused to surrender possession of the property in violation of the Deed of Trust. CHF seeks damages for the loss rental value of the property and attorneys fees.

Hilstock timely filed this lawsuit in the Dallas County District Court, 44th Judicial District, case number 07-01498.  The case was removed to this Court on March 2, 2007 (Dkt No. 1) under diversity and federal question jurisdiction.  On May 1, 2007, CHF filed a Motion for Summary Judgment on all of Hilstock's claims and CHF's counter-claims. Hilstock failed to file a response

to the motion.

## II.  ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. . ." FED. R. CIV. P. 56(c)).  An issue is material if it involves a fact that might affect the outcome of a suit under governing law.  *See Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994).  The court must decide all reasonable doubts and inferences in the light most favorable to the non-moving party.  *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir. 1994).  As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.  Once the moving party has satisfied this burden, the non-moving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial.  *Celotex*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The Court must inquire as to whether there is sufficient evidence upon which reasonable

jurors could properly find by a preponderance of the evidence that Hilstock is entitled to a verdict. *Anderson*, 477 U.S. at 249-50.  In other words, summary judgment will be granted "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  A "sufficient showing" consists of more than a scintilla of evidence in support of the moving party's position.  *Anderson*, 477 U.S. at 249-50; *Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir. 1986) (stating that "conjecture alone" was insufficient to raise an issue as to existence of an essential element).

Hilstock's lack of response to Defendant's motion means that Plaintiff has not designated specific facts showing that there is a genuine issue for trial and is therefore relegated to its unsworn pleadings, which are not summary judgment evidence. *Bookman v. Shubzda,* 945 F. Supp. 999, 1002 (N.D.Tex.1996) (citing *Solo Serve Corp. v. Westowne Assoc.,* 929 F.2d 160, 165 (5th Cir.1991)). While Hilstock's failure to respond does not permit the Court to enter a "default" summary judgment, the Court is allowed to accept the evidence presented by Defendant as undisputed. *Eversley v. Mbank Dallas,* 843 F.2d 172, 174 (5th Cir.1988); *see also Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim). Therefore, this Court accepts Defendants' evidentiary assertions as undisputed. *See Ragas,* 136 F.3d at 458 (noting the court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 17 (5th Cir.1992).

**B.     Hilstock has not presented a genuine issue of material fact on its claims against CHF.**

On its claims against CHF, Hilstock carries the burden of proof at trial, and as the summary judgment nonmovant, it must designate specific facts in the record to create genuine issues of fact precluding summary judgment. *Id.* The district court does not have a duty to search the entire record to find evidence supporting the nonmovant's position. *Jones v. Sheehan, Young, & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir.1996). Rather, Hilstock must "identify specific evidence in the record, and articulate the 'precise manner' in which that evidence support[s][its] claim." *Bookman,* 945 F. Supp. at 1004 (quoting *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994)). Hilstock's failure to respond to CHF's summary judgment motion means that it has not met the "burden of designating specific facts showing that there is a genuine issue for trial." *Id.*

Additionally, CHF served Hilstock with a Request for Admissions. However, Hilstock failed to respond. Therefore, the responses are deemed admitted. *See* FRCP 36. The deemed admissions negate Plaintiff's claims. *See* Ex. 2 (App., p. 473-60). Because the evidence supporting summary judgment is admitted by Hilstock, no genuine issue of material fact exists.

Plaintiff claims that CHF wrongfully foreclosed on the property and did not negotiate in good faith to allow him to cure the deficiency. Defendant has negated these claims with proof of CHF's attempts to offer loss mitigation options before engaging in a proper foreclosure proceeding. Plaintiff has not responded with any genuine issue of material fact. For these reasons, the Court GRANTS summary judgment for Defendant on all claims lodged against them by Hilstock.

**C.     Hilstock has not presented any evidence to defeat CHF's breach of contract claim.**

In regard to CHF's breach of contract counterclaim, CHF must demonstrate that there is no genuine issue of material fact, and establish its claim against Hilstock as a matter of law. CHF met its burden on the breach of contract claim by establishing, as a matter of law, that CHF and Hilstock entered into a valid contract, and Hilstock breached that contract by failing to immediately surrender

possession of the Property to CHF in violation of the Deed of Trust. Therefore, the CHF is entitled to summary judgment on its breach of contract counterclaim.

**D.     CHF's counterclaim for unjust enrichment fails as a matter of law.**

CHF's claim for unjust enrichment is invalid. Unjust enrichment is a form of recovery that is appropriate when there is not an express contract governing the subject of contention. *See Truly v. Austin*, 744 S.W.2d 934 (Tex. 1988). Therefore, a plaintiff may not recover under both claims for breach of contract and unjust enrichment. *Infowise Solutions, Inc. v. Microstrategy, Inc.* 2005 WL 2445436, at *7 (N.D.Tex.,2005). Here, the Deed of Trust was a valid contract between the parties, and CHF's recovery under breach of contract precludes a claim under unjust enrichment. *See id.*

Therefore, the Court DENIES summary judgment on CHF's counterclaim for unjust enrichment.

**E.     Damages and attorney fees.**

The Court has granted CHF summary judgment on its counterclaim for breach of contract. Accordingly, the Court awards CHF damages in the amount of $10,500.00 in loss rental value through the end of April 2007 and $1,500.00 for each month thereafter that Hilstock refuses to surrender possession of the property to CHF.

Additionally, the Court awards CHF $1,900.00 in reasonable and necessary attorney's fees.

### III. CONCLUSION

The Court GRANTS summary judgment in favor of Defendant on all claims lodged against them by Hilstock. The Court also GRANTS summary judgment in favor of CHF on its breach of

contract counterclaim.  The Court denies summary judgment on CHF's claim for unjust enrichment.


**It is so ORDERED.**
**ENTERED: June 20th, 2007.**

_____
**JERRY BUCHMEYER,**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**